IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DE'ANGELO FLOWERS                                                                                    PETITIONER

VS.                                                              CIVIL ACTION NO.  3:17cv766-DPJ-FKB

BILLY SOLLIE                                                                                          RESPONDENT

**REPORT AND RECOMMENDATION**

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by De'Angelo Flowers.  At the time of filing, Flowers was a pretrial detainee being held at the Lauderdale County Detention Facility.  In the petition, Flowers alleges that he has been held more than 270 days without indictment.  He asks the Court to release him from jail based on the "270 day rule," and to drop his charges.

Presently before the Court is Respondent's motion to dismiss, to which Flowers has not responded.  The motion indicates that since Flowers filed his petition, he has been indicted on charges of aggravated assault/simple assault, armed robbery/robbery, and conspiracy to commit the crime of armed robbery.  *See* [10-1] at 2-4.  A trial on his charges was set for March 20, 2018.  [10-2] at 1.  However, the results of the scheduled March 20 trial are not before the Court.  Even so, for the reasons that follow, the motion to dismiss should be granted.

A state court prisoner may raise a speedy trial claim under § 2241 in order to force the state to bring him to trial.  *Brown v. Estelle*, 530 F.2d 1280, 1283 (1976) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)).  However, relief under § 2241 is not available where, as in the present case, the petitioner seeks only dismissal of state charges and release based upon a violation of the right to a speedy trial.  *Id*.  Thus, Flowers's allegation of a speedy trial violation fails to state a claim.

Furthermore, broadly construing his petition as an objection to his lack of a bond, Flowers has not shown that he has exhausted his state court remedies as to any request for a bond. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (although § 2241 contains no statutory exhaustion requirement, a judicially-crafted requirement of exhaustion of state remedies applies). Therefore, this Court may not entertain this ground for relief.

For these reasons, the undersigned recommends that Respondent's motion be granted and the petition dismissed. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 1st day of May, 2018.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE